UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL GRIFFIN,

      Plaintiff,

   v.

NEXT COMPOSITE SOLUTIONS, INC.,
and SCG, INC.,

      Defendants.

Case No. 25-cv-00873-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Daniel Griffin's Motion for Leave to File

Second Amended Complaint (Doc. 22). Federal Rule of Civil Procedure 15(a) governs

amendments to pleadings. Rule 15(a)(1) allows amendment of a complaint once as a matter of

course within 21 days after service of a response or a motion to dismiss, a motion for a more

definite statement, or a motion to strike. That time has passed, so whether the plaintiff should be

allowed to amend his complaint is governed by Rule 15(a)(2). Rule 15(a)(2) provides that a

plaintiff may amend his pleading only with the opposing parties written consent, which the

plaintiff has not obtained, or leave of court, which the Court should freely give when justice

requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy

that cases should generally be decided on the merits and not on the basis of technicalities."

*McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chi. Car

Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883

(7th Cir. 1993).

Generally, the decision whether to grant a party leave to amend the pleadings is a matter

left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d

468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court

should allow amendment of a pleading except where there is undue delay, bad faith, dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or

futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

There is no evidence that the plaintiff asked this Court for leave to file an amended

complaint for an improper purpose. Instead, it appears that the plaintiff has good cause for

requesting the late amendment. Before filing his claims under the Illinois Human Rights Act, the

plaintiff needed to receive two Notice of Right to Sue's ("NRTS") from the Illinois Department

of Human Rights ("IDHR"). He reached out to the IDHR multiple times, but he did not receive

the second NRTS until after the deadline for filing amended pleadings had passed. Therefore, the

Court finds that justice requires it to allow the plaintiff to file an amended complaint, and

GRANTS Plaintiff's Motion for Leave to File Amended Complaint (Doc. 22). Pursuant to S.D.

Ill. Local Rule 15.1, for the plaintiff's amended complaint to be given legal effect, it must be

filed separately within five (5) days of the entry of this order.

**IT IS SO ORDERED.**
**DATED**:   September 11, 2025

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

2